**SOLARCITY CORPORATION,**
Plaintiff-Appellee,

v.

**SALT RIVER PROJECT AGRICUL-TURAL IMPROVEMENT AND POW-ER DISTRICT, Defendant-Appellant.**

No. 15-17302

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted November 18,
2016 San Francisco, California

Filed June 12, 2017

Richard J. Pocker, Esquire, Attorney, Boies Schiller & Flexner LLP, Las Vegas, NV, Keith Beauchamp, Esquire, Attorney, Roopali H. Desai, Coppersmith Brockelman PLC, Phoenix, AZ, John F. Cove, Jr., Shearman & Sterling LLP, San Francisco, CA, Karen L. Dunn, Richard A. Feinstein, Attorney, William A. Isaacson, Attorney, Amy J. Mauser, Esquire, Boies, Schiller & Flexner LLP, Washington, DC, Steven Christopher Holtzman, Sean Rodriguez, Boies, Schiller & Flenxer, LLP, Oakland, CA, for Plaintiff-Appellee

Christopher Thomas Casamassima, Esquire, Attorney, WilmerHale LLP, Los Angeles, CA, Paul Kipp Charlton, Esquire, Attorney, Karl M. Tilleman, Attorney, Steptoe & Johnson LLP, Phoenix, AZ, Daniel Volchok, WilmerHale, Appellate and Supreme Court Practice, Washington,

DC, Molly Boast, Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY, for Defendant-Appellant

John M. Baker, Attorney, Greene Espel PLLP, Minneapolis, MN, for Amici Curiae American Public Power Association, Large Public Power Council

Steven J. Mintz, James Joseph Fredricks, Kristen Ceara Limarzi, Attorney, DOJ—U.S. Department of Justice, Washington, DC, for Amicus Curiae United States of America

Before: KOZINSKI, GILMAN,[*] and FRIEDLAND, Circuit Judges.

MEMORANDUM [*]

We lack jurisdiction to consider the Power District's arguments based on Arizona Revised Statutes section 12-820.01. That section establishes an immunity against claims for damages, but not against claims for injunctive relief. *Allied-Signal, Inc. v. City of Phoenix*, 182 F.3d 692, 697 (9th Cir. 1999) (citing *Zeigler v. Kirschner*, 162 Ariz. 77, 781 P.2d 54, 61 (1989)). SolarCity's claims for antitrust damages were dismissed, and neither it nor the Power District has appealed that decision. SolarCity also abandoned its previously asserted claim for tort damages in favor of an earlier trial. Thus, section 12-820.01 can become relevant only after judgment is entered, if at all—for example, if SolarCity eventually appeals the district court's order dismissing its damages claims. The Power District's current appeal of the issue is thus not ripe.[1] *See, e.g.,*

---

[*] The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] The Power District's motion for judicial notice is accordingly denied as moot.

*Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106, 130 S.Ct. 599, 175 L.Ed.2d 458 (2009) (emphasizing that a collateral order can be appealed only if review would be ineffective after final judgment); *Texas v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985))).

Lastly, as to the filed-rate doctrine, the Power District argues only that we have pendent jurisdiction to consider its appeal. We cannot have pendent jurisdiction without appellate jurisdiction over some other matter—which we lack for the reasons stated above and in our concurrently filed opinion.

**DISMISSED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.